Mr. Justice Clayton
delivered the opinion of the court.
The bill states that the complainant, at the request of the defendant Dorsey, agreed to become bound with him as surety for one Camp P. Newell, to Ballard and Franklin. Newell and Dorsey were already bound for the debt to Ballard and Franklin, but it was proposed to give them an extension of time, if they would procure the liability of complainant. The complainant agreed to become thus bound. A note was presented to him, which he signed under the belief that Dorsey was to be bound jointly with him; — the fact, however, turned out to be, that the new note was drawn payable to Dorsey, and was by him indorsed to Ballard and Franklin. At maturity it was paid by Dorsey, and suit brought upon it in the circuit court of Carroll county, and judgment rendered against both Newell and Pierce. The bill states that this judgment as to the complainant Pierce, was rendered without notice and so is void ; it prays for a new trial and for general relief.
The answer of Dorsey denies that he was to be bound upon the note jointly with complainant, but says it was understood by all, that he was to be indorser. States that at a term subsequent to the rendition of the judgment against’Newell and Pierce, the circuit court, at the instance of Pierce, permitted the sheriff to amend his return of the writ, so as to show it had not been executed upon complainant, and then set the judgment aside as to him ; states also that this judgment was taken by writ of error to the court of appeals and reversed. Answer denies all fraud.
The vice-chancellor dismissed the bill, and an appeal was taken to this court.
The great defect in this cause is the want of proof. There is no testimony upon any branch of the case. Whatever relief the party might be entitled to, if the bill were sustained by proof, it is not now possible to grant it, in the absence of all ■testimony. If it were made to appear, that the judgment was *403 rendered without notice, of course it would be regarded as void; and the party would be entitled to relief against it in equity. It may be matter of regret, if the facts exist, that they were not made to appear; but in the present attitude of the cause, this court cannot apply a remedy.
The other point made is concluded by the judgment at law. The decree must be affirmed and the bill dismissed, without prejudice, as there has been no trial upon the merits.
Decree affirmed.